IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, ET AL. | § | |
| v. | § | CIVIL ACTION NO. 6:24cv105 |
| OWEN MURRAY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Barry Emmett, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. Plaintiff purports to name another inmate, Travarus Shead, as a "co-plaintiff," but Shead did not sign the complaint or the amended complaint and consequently is not a party to the case. Fed. R. Civ. P. 11. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. As Defendants, Plaintiff names Owen Murray, the vice president of the University of Texas Medical Branch; the practice manager at the Michael Unit of TDCJ; and an unspecified "director of mental health services."

I. The Plaintiff's Complaint

Plaintiff complains that the Defendants have failed to request expedited placement for him in a mental health program for anger management. He says that this causes bodily harm because it has led to incidents in which officers have had to respond to contain his actions. As a result, he was charged with staff assault, as well as use of force incidents against him. Plaintiff requests an expedited referral to the PAMIO (program for aggressive mentally ill offenders) program at the Clements Unit.

## II. Discussion

Court records show that the Plaintiff Barry Emmett has previously filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Emmett v. Ebner*, slip op. no. 10-20772, 2011 WL 1659878 (5th Cir., April 29, 2011) (stating that Emmett has accumulated three strikes); *Emmett v. Mitchell, et al.*, civil action no. 3:11cv664, 2011 WL 1659378 (S.D.Tex., dismissed as barred by 28 U.S.C. §1915(g) on April 29, 2011).

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). This imminent danger must relate to the allegations of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009).

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials

engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

Plaintiff has not paid the filing fee, but instead argues that he is in imminent danger because the failure to refer him to the Program for Aggressive Mentally Ill Offenders results in his having confrontations with staff members.

In *Althouse v. Roe*, 542 F.Supp.2d 543, 546 (E.D.Tex. 2008, appeal dismissed), the plaintiff contended that he was in imminent danger of serious physical injury because he suffered from attention-deficient hyperactivity disorder and lack of impulse control, so he could at any time act on impulse, thus placing himself in peril. The Court determined that this claim was insufficient to show imminent danger of serious physical injury. *See also Bea v. Watson*, civil action no. 7:09cv232, 2009 WL 1764834 (W.D.Va., June 23, 2009) (inmates cannot create the imminent danger of which they complain in order to evade the Prison Litigation Reform Act); *Brown v. Lyons*, 977 F.Supp.2d 475, 484 (E.D.Pa. 2013) (allegation that actions of prison officials cause prisoner to suffer "emotional feelings of anxiety, fear, insecurity and anger" not sufficient to show imminent danger). In *Ball v. Allen*, civil action no. 06-0496, 2007 WL 484547 (S.D.Ala., February 8, 2007) the court aptly observed that the plaintiff's claims of imminent danger merely demonstrate "that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. §1915(g) and is manipulating it to serve his ends."

Plaintiff's conclusory contention that he is in "imminent danger" because prison officials have not referred him to the PAMIO program is insufficient to overcome the §1915(g) bar. In addition, this theory, if accepted, would provide Plaintiff with a blanket exception to §1915(g) so long as he does not get his wish of assignment to the PAMIO program. Such a result is inconsistent with the purpose and intent of the statute. *Abdul-Akbar*, 239 F.3d at 315 (Congress did not intend to enact a statutory rule to reduce the volume of prisoner litigation and simultaneously engender an open-ended exception which would eviscerate the rule); *Floyd v. Lumpkin*, civil action no. 6:22cv294, 2022 WL 16829393 (E.D.Tex., August 9, 2022) (rejecting claim of ongoing imminent

3

danger from the conditions of confinement at the Powledge Unit), *Report adopted at* 2022 WL 5212973 (E.D.Tex., October 5, 2022), *appeal dismissed for failure to show imminent danger* 2023 WL 1793874 (5th Cir., February 7, 2023).

Plaintiff did not pay the filing fee in the present case, nor has he set forth a showing of imminent danger of serious physical injury arising from the allegations in his lawsuit which is sufficient to overcome the §1915(g) bar. Consequently, his lawsuit should be dismissed pursuant to 28 U.S.C. §1915(g). *Baños*, 144 F.3d at 885; *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $405.00 filing fee. It is further recommended that should the Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset. Payment of the filing fee would not affect screening for frivolousness, maliciousness, or failure to state a claim under 28 U.S.C. §1915A.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or

general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 2nd day of May, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE